SANFORD *et al.*, appellants, v. WHITE *et al.*

*Partition — unknown owner — service by publication.*

The Code does not provide for service upon unknown parties by publication in a case of partition. The provisions of the revised statutes alone apply (3 R. S. 605), and must be followed.

Accordingly where proceedings were taken under the Code in an action of partition, and an order procured directing publication in the State paper and a newspaper published in New York, *held,* that the court acquired no jurisdiction over unknown persons interested in the estate, and a purchaser at a sale, under such proceeding, was entitled to be relieved from his purchase.

THIS is an appeal from an order of Mr. Justice DANIELS, denying plaintiff's motion to compel the purchaser to take title in partition. The facts were contained in a printed statement agreed on between the parties, and are sufficiently stated in the opinion.

*Charles W. Dayton,* for appellants.

*Joseph Bellesheim,* for respondents.

INGRAHAM, P. J.  In this case, the property was sold in partition The purchaser refused to take the title on account of defects in the proceedings, and a motion was made at the special term to compel the purchaser to complete the purchase.  This was denied, and the plaintiffs appealed.  The ground of objection is that no jurisdiction was ever acquired over those of the heirs of Kitchell Bishop and Jesse Bishop, whose names were unknown.  These persons were described in the complaint as " the legal representatives of Kitchell Bishop and Jesse Bishop, deceased, whose names are unknown to the plaintiff;" and there was also an averment that "their names and places of residence were wholly unknown to the plaintiffs, and they cannot ascertain the same." These proceedings were taken under the Code, by an order directing a publication for three months in the State paper, and in a newspaper published in New York. No other order of publication was made.  The provisions of the 135th section of the Code, which is the only one providing for publication, does not aid this proceeding.  That section, so far as it applies to unknown parties, is confined to actions for the foreclosure of mortgages, and makes no provision suitable to partition cases, nor to any other action where the parties are unknown.  The 175th, section, which provides for using a fictitious name where the real name is unknown, was not followed in this case; and if it had been, it would not have removed the difficulty.  I think, it is clear that the Code does not provide for such a case as the present one.  In the absence of any other legislation in the Code, the Revised Statutes, as amended, will apply, and are continued as applicable to partition cases by the 448th section of the Code.  The R. S., 3d vol., p. 605, provided as follows: " If any party having an interest in the property is unknown, the service may be by publication of the petition for three months, and the 15th section directs the notice to be addressed to those who are unknown, having or claiming any interest in the premises.  The act of 1831, p. 362, altered the publication, by requiring a description of the premises to be published, and notifying all persons interested therein to appear.  The act of 1842, p. 363, altered the time of publication, but did not change the character of the notice.  That remains as before the passage of the act. It is not pretended that any such notice, as required by either of these statutes, was published, or any description of the premises to be partitioned.  The intent of the statute was to describe the property, and thereby give notice to any who might have an interest.

Without such a description, the advertisement addressed to unknown owners would be an idle ceremony. See *Hyatt* v. *Pugsley*, 23 Barb. 303. There was no jurisdiction obtained over the persons who were unknown, and the purchaser should be relieved from the purchase. The order should be affirmed.

FANCHER and BRADY, JJ., concurred.

*Order affirmed.*